## M. SURRATT *v.* THE STATE OF MISSISSIPPI.

1. RETAILING LIQUORS—INDICTMENT. — In an indictment for selling vinous or spirituous liquors in less quantities than one gallon, without license, it is not necessary to aver that the defendant is not a druggist, apothecary or physician. An indictment, without negativing the exceptions in article 1, p. 197, Code of 1857, is upheld by the general language of article 9 of the same chapter.

2. CASE CITED — RILEY v. THE STATE, 43 MISS.—The case of Riley v. The State, 43 Miss. 397, cited and approved.

ERROR to the circuit court of Prentiss county.    BOONE, J.

The facts of this case are minutely stated in the opinion of the court.

*Harper & McIntosh* and *J. W. Pickens,* for plaintiff in error.

The indictment does not follow the language of the article of the Rev. Code, p. 197, entitled "an act to regulate the sale of vinous and spirituous liquors," which creates the offense but omits the exceptions contained in the enacting clause of said act, and by that omission fails to describe an offense at all.   The law requires that, in the description of an offense, which is created by statute alone, and wholly unknown to the common law, the language of the statute must be pursued so as to bring the defendant judicially within it, the reason of the law is founded upon justice and propriety.   We will readily concede that if the act creating this offense, had remained as it was in the Hutchinson's Code, p. 276, art. 4, which provides that if any person shall sell vinous or spirituous liquors, etc., then the indictment would be good as it described the offense in the words of the statute.   If in a subsequent part of the act, a provision had been made that this act should not apply, still the necessity for incorporating the exceptions into the bill of indictment would exist.

The authorities hold, that if the enacting clause excepts certain persons or classes of persons, then the indictment must negative the exceptions, for the reason that the excep-

tions become part and parcel of the offense ; and no crime is committed unless the court can know judicially that the party is not within the exceptions, and which the court can only know by the pleader declaring that the defendant was not at the time within the exceptions, to wit, that he was not a druggist, apothecary or physician, and the court cannot pronounce judgment upon conviction as the indictment is good for nothing, and fails to describe any offense whatever. Art. 7, Rev. Code, p. 573, must be construed with reference to the constitution of our state, that a person has the right to demand the cause and nature of the accusation against him, and our high court has thus construed it, and if the indictment is a nullity, then it can be taken advantage of after verdict.

Every word in this indictment may be true, and still no crime hereby be committed. This indictment is a nullity.

We will now proceed to consider the other error which is fatal in itself. We examined with great care the original record in this cause, and find the only order on the minutes of the court, at the August term, 1870, when the bill of indictment purports to be found, in reference to the grand jury, after the same was organized, is, "that they retired to consider of presentments and indictments." Nowhere is it found, that any true bill was returned by the grand jury at that term of the court, and in law that jury remains yet impaneled considering of indictments, and there never has been an order of the court, or any entry on the minutes, that they were disbanded, or any recital in the record that they ever returned into court.

*J. S. Morris,* Attorney-General.

The errors assigned are predicated exclusively of the form, and in no respect of the substance or merits.

Admit, if it be desired, that the exception to the indictment might have been well taken by a demurrer or motion to quash, before the defendant pleaded not guilty, and before the jury was impaneled, still our statute (Rev.

Code, 1857, p. 616, art 268; ib. 1871, § 2805), forbids that any objection of this character 'shall in any case be considered after verdict. In this case no objection was raised till after the defendant had pleaded not guilty, submitted his case to the jury on its merits and been convicted on the merits, and then the objection is raised by a motion in arrest of judgment.

But the exception would not have availed, even if it had been taken at the proper time. Because the indorsement on the indictment becomes, *ipso facto* a part of the record, though made so by a form unusual, irregular and technically incorrect. The statute forbids this entry to be made on the minutes unless at some subsequent term, and then it is permitted, but not required. And shall a failure to comply with a mere form, not relating in any degree to the merits of the case, be allowed to operate for the acquittal of a person who is evidently guilty?

And then as to "negativing the exception" in the averments of the indictment, I submit that the authorities cited by counsel for plaintiff in error, though good, have no application here. This indictment is not, as counsel seem to suppose, based upon art. 1, p. 197, Code 1857, but upon art. 9, p. 199, and if so, that it will be found that Bishop, so profusely quoted by the learned counsel, upsets all their logic, and sustains the conviction. See Bish. Crim. Pr., §§ 379–385, and authorities there cited.

TARBELL, J. :

At the January term, 1871, of the circuit court of Prentiss county, the plaintiff in error was convicted of unlawfully retailing vinous and spirituous liquors. Motions in arrest of judgment and for a new trial were overruled, and the defendant was sentenced to pay a fine of $50, besides costs. In this court the following are alleged as errors, for which the judgment ought to be reversed : in not arresting the judgment, in pronouncing sentence and in overruling the motion for a new trial. The motion in arrest of judgment

was made upon the following grounds : "Because the indictment does not charge any offense, in this, that it does not negative the exceptions in the statute under which the said defendant is indicted, by stating that the defendant was not a druggist, apothecary or physician."

Counsel erroneously supposes the indictment in this case to be based upon art. 1, Code, 197. The indictment is as follows : The grand jurors, etc., "present that M. Surratt, late of the county aforesaid, on the 1st day of February, 1870, with force and arms in the county aforesaid, and within the jurisdiction of this court, did unlawfully sell spirituous liquors to one Emanuel Fort, in less quantities than one gallon, without having first had or obtained a license therefor," etc.

Art. 1, Rev. Code, 197, is this : "It shall not be lawful for any person, except druggists, apothecaries and physicians, to sell any vinous or spirituous liquor, in this state, in less quantity than one gallon, without having first obtained a license in the manner directed by this act."

Chap. 20, Code, 197, of which art. 1, just quoted, is a part, is entitled, "An act to regulate the sale of vinous and spirituous liquors." Articles 2, 3, 4, 5, 6 and 7 point out the mode by which a license can be obtained and revoked. Article 8 directs the steps to be taken by druggists, to authorize them to sell in less quantities than one gallon. If indicted. as a druggist, for a violation of article 8, in such case it would be necessary to negative the exceptions therein. Article 9 applies, first, to "any person," and secondly, to "any druggist, apothecary or physician," with conditions and penalties to each. This article applies to "any person" who "shall sell any vinous or spirituous liquor, in any quantity less than one gallon, without having a license therefor, in pursuance of this act ; or, having a license, shall sell at any other place or house than that specified in the license ; shall fail to keep a quiet, orderly house, etc.; or shall, directly, or by any subterfuge, violate any provision of this act," etc.; and "to any druggist, apothe-

cary or physician," who shall sell; etc., except in good faith for the purposes specified, or who shall permit the drinking of such liquor in his store or on his premises.

This analysis demonstrates that the plaintiff in error is within the class of "any persons," named in article 9, and this is confirmed by the further comparison of the indictment with the statute. The indictment charges, that M. Surratt "did, unlawfully, sell spirituous liquors, to one Emanuel Fort, in less quantities than one gallon, without having first had or obtained license therefor," etc., which is literally within the provisions of article 9, declaring a penalty against "any person" who "shall sell any vinous or spirituous liquor, in any quantity less than one gallon, without having a license therefor, in pursuance of" that statute, viz., chap. 20, Code, 197. If he had complied with the statute as "druggist, apothecary or physician," or had a license as of the class of "any person," and he was indicted for selling in violation of the statute as to either, there would be some force in the argument of counsel; but this case requires no further elucidation, nor reference to adjudged cases to show the inapplicability of the theory urged. The indictment is for selling unlawfully, without a license. If, in such case, the accused claimed to have sold as a druggist, and was protected thereby, it devolved upon him to present the fact by plea. 1 Bish. Cr. Pr., §§ 375, 385.

The motion for a new trial was in, the following words: "Because the indictment was never returned into open court; the grand jury, after being impaneled, retired to consider of presentments and indictments, and, as appears of record never returned into court, so that said bill was never legally returned into court."

On this point, counsel must be laboring under some misapprehension as to the record. The grand jury was impaneled at the August term, 1870. The indictment is entitled, "State of Mississippi, Prentiss county circuit, August term, 1870." Following the indictment, the record

before us proceeds: "And on said bill of indictment was indorsed the following, to wit: 'A true bill;' signed 'C. H. Carter, foreman of the grand jury;' and, 'this indictment was this day presented in open court by the foreman of the grand jury, in the presence of the grand jury, this the 1st day of September, A. D. 1870;' signed, 'R. B. Henderson, clerk.'" This portion of the record, being page 7 thereof, counsel must have overlooked. Referring to page 13, counsel construes the entries thereon to be a record of acts done at a previous term. We do not so understand it. Page 13 is a record of certain transactions at the January term, 1871, and not of proceedings of the August term, 1870. The entry at the January term, 1871, is this: "Carm. H. Murphy, Esq., district attorney, who prosecutes on behalf of the state, and the defendant, in his own proper person, and the said defendant being arraigned and charged, upon the bill of indictment presented by the foreman of the grand jury, in the presence of the grand jury in open court, and marked 'a true bill' by the foreman, upon a charge of retailing, in this behalf plead thereto not guilty, and for his trial puts himself upon the country," and "thereupon came a jury," etc. Counsel urges that this entry contains the only proof of the return of the indictment into court, in which, as we have seen, he is mistaken. It is true, the clerk introduces into his record of the January term, 1871, transactions of the prior August term, but it is by way of recital, and not as an attempt to make a record for the previous term, as in the case of McMullin v. The State, 8 Smedes & Marsh. 587.

With this understanding, the court was right in refusing a new trial, as in overruling the motion in arrest of judgment, independently of article 268, Code, 616, suggested by the attorney-general as final in this case, or of waiver by plea. 1 Bish. Cr. Pr., §§ 422 to 440.

Counsel invokes, in behalf of plaintiff in error, two considerations, to which we may refer briefly. 1st. The constitutional right of the accused to be fully informed of the

nature and cause of the accusation against him has been frequently considered by the courts of this and other states, in this class of cases, many of which, in this state, are referred to in Riley v. The State, 43 Miss. The indictment in the record before us is full in every particular. It avers that the accused had no license ; that, on a day given, he sold liquor to a person whose name is specified. More specific information could not well have been given. The defendant was fully and precisely informed of the accusation against him. Even without the name of the buyer, the indictment would have been sufficient. Riley v. The State, 43 Miss. 397 ; 1 Bish. Cr. Pr., § 277.

2. It is urged that article 1 constitutes "the enacting clause" of chapter 20, Code, 197, relative to the sale of vinous and spirituous liquors, and that, therefore, the exceptions in that article should have been negatived in the indictment. What constitutes "the enacting clause" is not always clear, although a reference to the authorities shows conclusively, that the theory of counsel, as applied to the case at bar, is wholly untenable. The "enacting clause," as used in the text-books, and courts, and as referred to by judges, is not always the first section of an act, nor is it always necessary to negative the exceptions and provisos of a statute. Ordinarily, when exceptions are contained in separate sections, and sometimes when, in the same section, they need not be negatived, but may be left to be brought forward by the defense. Whether the exceptions ought to be negatived depends upon the construction of the statute, and is governed, to some extent, by the general rules of pleading. Primarily, a *prima facie* case must be made out within the statute, by the indictment, and matter of excuse or justification may be omitted, leaving it to be introduced by the accused. Such is the case at bar. The indictment states an offense within article 9, Code, 199, which, *prima facie*, subjects the accused to the penalty therein prescribed. If the defendant was exonerated by the exceptions in favor of druggists, apothecaries and physicians, it was

matter of defense not necessary to be brought forward by the prosecution. On this subject see the text, and the very numerous cases cited in the notes to 1 Bish. Cr. Pr., §§ 375, 385.

To hold the theory advanced in behalf of the plaintiff in error would do violence to the whole course of criminal procedure in this state, as well by the profession as the decisions of the courts. The evidence on the trial in this case not being incorporated in the record, we presume the verdict was in accordance with the testimony. As it was in accordance with the law, no injustice has been done the plaintiff in error.

*The judgment is affirmed.*